**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:26-cv-00613**

| | | |
|---|---|---|
| **ANTON SILUIANOV,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **JOHN DOE, et al.,** | ) | **ORDER** |
| | ) | |
| **Respondents.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on a *pro se* Amended Motion for Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed by Petitioner's wife, Natalia Nalimova, as his next friend (Doc. 3).[1] Also pending are: a Motion for Temporary Restraining Order and Preliminary Injunction filed by Nalimova (Doc. 5); and the Respondents' Motion to Dismiss (Doc. 9) and Motion for Leave to File (Doc. 11).

The Petitioner, a citizen of the Russian Federation, was detained in Charlotte on July 30, 2026, after appearing for a scheduled appointment with U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 3 at 7).

Nalimova initiated this action by filing the § 2241 Petition on Petitioner's behalf on the afternoon of July 30, 2026. (Doc. 1). Nalimova filed an Amended Petition on July 31, 2026. (Doc. 3). She sought leave to proceed as Petitioner's next friend because *inter alia* she is his lawful spouse, Petitioner was unable to prepare or sign legal documents on his own behalf, and Petitioner's location in ICE custody was unknown to Nalimova. See (Docs. 4, 4-1); see also (Doc.

[1] The Petition (Doc. 1), which was not verified, has been superseded. See generally Young v. City of Mt. Ranier, 238 F.3d 567, 572 (4th Cir. 2001) ("an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citations omitted).

3).

Nalimova filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction in which she requests: an order prohibiting the Respondents from transferring Petitioner out of the Western District of North Carolina pending further order of the Court; an order requiring the Respondents to immediately disclose Petitioner's current place of detention to the Court and to Nalimova; a hearing on the request for preliminary injunction; and any other relief the Court deems just and proper. (Doc. 5).

Petitioner was transferred to the Irwin County Detention Center in Georgia, on August 1, 2026. (Doc. 10 and 10-1 at ¶¶ 10-11).

On August 3, 2026, the Court issued an Order related to the Amended Petition (Doc. 3) and Nalimova's Motion for Leave to Proceed as Next Friend (Doc. 4).[2] The Court found that Nalimova had adequately demonstrated that she is an "authorized person" who was permitted to sign the Amended § 2241 Petition on Petitioner's behalf. (Doc. 7). However, the Court found that Nalimova is not permitted to represent Petitioner in this proceeding because she is not an attorney. The Court granted Petitioner 21 days to either appear in this proceeding on his own behalf, or to appear through counsel. Id. The Court cautioned Petitioner that, "[s]hould the Petitioner or counsel fail to appear in this case within 21 days, the Amended § 2241 Petition and the next friend's other *pro se* filings will be dismissed without further notice." Id. at 6-7.

In the same Order, the Court required the Respondents to respond to the Amended Petition and to the Motion for Temporary Restraining Order and Preliminary Injunction. Id. at 7-8.

On August 17, the Respondents[3] filed a Motion to Dismiss the Amended Petition (Doc.

---

[2] At that time, the case was assigned to the Honorable Martin Reidinger. The case was reassigned on August 28, 2026.
[3] Assistant United States Attorney Jonathan M. Warren appeared for the Respondents "for the limited purpose of responding to the Amended Petition and Motion for Temporary Restraining Order … and preserves all defenses set forth in Rule 12(b)(2)-(7)…." (Doc. 8 at 2, n.1; Doc. 10 at 2, n.1).

9),[4] and a Response opposing a temporary restraining order or preliminary injunctive relief (Doc. 8). The Respondents subsequently filed a Motion seeking leave to file inadvertently-omitted exhibits (Doc. 11), and Notices of Supplemental Authority (Docs. 12, 13).

The Court need not address the merits of the Amended Petition, the Motion to Dismiss, or any of the other pending Motions because this action is subject to dismissal for lack of prosecution. The Petitioner has not complied with the August 3 Order by appearing personally or through counsel, and the time to do so has expired. The Petitioner or anyone else on his behalf has not submitted any other filings with this Court. The Petitioner appears to have abandoned this action, and the Court is unable to proceed. This case will therefore be dismissed without prejudice. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for sua sponte dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order). The pending Motions will be denied as moot.

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE.**

All pending Motions are **DENIED AS MOOT**.

The Clerk of Court is directed to enter a Clerk's Judgment and to terminate all pending Motions.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability because the procedural basis for dismissal is not debatable and, alternatively finding that Petitioner has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); see Rule 11(a), Rules Gov. § 2254 Cases in U.S. District Courts; Miller-El v. Cockrell, 537 U.S.

[4] No instructions for responding to the Motion to Dismiss were issued pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), because Petitioner has not appeared, and Nalimova is unauthorized to litigate the matter on his behalf.

322, 335-36 (2003); Slack v. McDaniel, 529 U.S. 473, 483-85 (2000).

The Clerk is respectfully instructed to mail a copy of this Order to Natalia Nalimova at her address of record, and to Anton Siluianov, A# 246-088-533 at the Irwin County Detention Center, 132 Cotton Drive, Ocilla, GA 31774.

**IT IS SO ORDERED**.

Signed: September 17, 2026

Susan C. Rodriguez
United States District Judge